The opinion of the court was delivered by
White, J.
The plaintiff railroad averring that it was erroneously *853 assessed for $422,000, brings this mandamus proceeding ^to have the assessment stricken from the rolls. The lower court maintained the assessment. Plaintiff appeals.
Before examining the issue as to validity of the assessment, it became necessary to determine a question of form of assesisment.
When the assessment rolls were exposed, as required! by law, the plaintiff was assessed under the head of “ Capital in business or money at interest for $422,000.” After the figures, which were i\i a column headed as above, was written the word stock. The plaintiiff, while the rolls were exposed, complained of this assessment as thus triado, and applied to have it stricken off; and the petition for mandamta which instituted this cause describes the assessment in like manner. ''When the cause came to be tried it was discovered that the figures $422,000 had been transferred to a column headed, “ Stocks in vessels and corporations.” The proof indubitably establishes that the transposition was made by one of the assessors after the rolls were closed, without the authority or knowledge of the Board of Assessors, and was, of course, therefore in legal contemplation not done at all. Eor we need hardly refer to the terms of the statute making the rolls as closed final. We shall, therefore, treat the assessment as it stood on the closed rolls ; that is, as in the column therein headed, “ Capital in business or money at interest,” and as placed therein as $422,000, with the word stock immediately following these figures. The law as to this assessment is as follows, to be found in section 3, of act no. 9 extra session of 1878 acts of 1878, p. 234:
“ In the first column they shall enter the name of the company liable to taxation on its capital, or otherwise; in the second, the quality and description of the real estate owned or represented by the company, and situated in their parish; in the third column, the actual value estimated as in other cases ; in the fourth column, its capital stock and its value, to be ascertained by the assessor from the market price of the stock, or in any other manner.” * * *
The proof is that the capital stock of the company is six hundred thousand dollars, and that its market value is above its par value. In making the assessment, the assessors took the capital stock at its par value, although it was above par in the market, and deducted from it the property otherwise assessed; thus obtaining the sum complained of. We think that the assessment was valid. The complaint against it is thus stated in the pleadings:
“Your petitioner avers that the original amount of its capital stock as fixed by charter and amendments was $600,000; and that, assuming that all of said stock was taken by subscribers before any of the proceeds of said subscription were invested in its present property, there *854 might have ^been a time when petitioner had a capital of $600,000. Bub your petitioner avers that all of the proceeds of said subscription, viz., all of its capital, has many years since been invested in the property above described as correctly assessed; and that it neither owns nor possesses aipy property beyond the same.” In other words, the proposition is, mjr nominal capital is $600,000, the evidence of it in the hands of my stockholders is worth more than par, therefore equals or rather exceeds $600,000 ; but inasmuch as I have, as the result of that capital, a sum of /tangible property equal to only, say $100,000, my capital stock is only to be considered as worth that sum. Were we to maintain the proposition, we would declare that the value of the evidences of a right, -'exceeded the -value of the right evidenced, a contradiction in terms. We think it an adequate answer to say that the law has made the market value of the evidences* of rights to the capital as the crite-r rion of value of the capital or capital stock of the company, and we see nothing unconstitutional in such a provision.
This case in many respects is assimilated to that of the Gas-Light Company vs. Board of Assessors, and for the above reasons; and those in that case expressed, we think the judgment of the lower court correct ; it is therefore affirmed with costs.